Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

---

# UNITED STATES DISTRICT COURT for the

Eastern District of Pennsylvania_____ Division

Rebecca Brod

*Plaintiff(s)*

**-v-**

Roy Brod and Janice Brod

*Defendant(s)*

Jury Trial: *(check one)*

Yes ☑

No ☐

# COMPLAINT FOR A CIVIL CASE

## I.   The Parties to This Complaint

## A. The Plaintiff(s)

Name:  Rebecca Brod

Street Address:  155 East 34th Street

City and County:  New York City, New York

State and Zip Code : NY, 10016

Telephone Number: 717-917-7726

E-mail Address:  rbr3993@gmail.com

**B. The Defendant(s)**

**Defendant 1**

Name:  Roy Brod

Job or Title: Ophthalmologist

Street Address:  70 Valley Road

City and County:  Lancaster

State and Zip Code : PA, 17601

Telephone Number: 717-917-6083

E-mail Address:  ryjn@aol.com


**Defendant 2**

Name:  Janice Brod

Job or Title: Unemployed

Street Address:  70 Valley Road

City and County:  Lancaster

State and Zip Code : PA, 17601

Telephone Number: 717-917-1131

E-mail Address:  jhb808@aol.com

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

What is the basis for federal court jurisdiction? *(check all that/apply)*

Federal question ☐   Diversity of citizenship ☑

---

1. The Plaintiff(s)

a.   If the plaintiff is an individual

b.   The plaintiff, Rebecca Brod, is a citizen the State of New York.

2. The Defendant(s)

a.   If the defendant is an individual

b.   The defendant, Roy Brod, is a citizen the State of Pennsylvania.

3. The Defendant(s)

a.   If the defendant is an individual

b.   The defendant, Janice Brod, is a citizen the State of Pennsylvania.

## III. Statement of Claim

Facts:

1. At all times herein mentioned Roy Brod (Defendant 1) and Janice Brod (Defendant 2) resided in, and did business in Lancaster, Pa.

2. At all times herein mentioned the Plaintiff resided in and did business in New York City, NY.

3. At all times herein mentioned Janice Brod and Roy Brod were married to each other and were, respectively, the mother and the father of the Plaintiff.

4. Upon graduating high school, the Plaintiff attended college in the midwest, spending the years and summers away from parents, Defendants 1 and 2.

5. Upon graduating college, the Plaintiff moved to New York City, where she has resided the last 12 years, while the Defendants have remained Pennsylvania. In person contact was limited, particularly between Defendant 1 and Plaintiff, and overall contact lessened over time.

6. In her mid 20's, the Plaintiff started having serious medical problems followed by a serious diagnosis years later. While going through a medical journey that was physically incapacitating, the Plaintiff's

relationship with the Defendants became increasingly negative and strained. Medical gaslighting and psychological abuse became more and more prevalent.

7. In 2021, after experiencing further, life-altering medical harm, the remaining relationship continued to worsen, due to the effects of Plaintiff's medical suffering. Meaningful contact ceased, and remaining communication consisted only of medical situation.

8. Continual covert gaslighting and psychological abuse was seriously affecting the Plaintiff's life, health, and ability to heal.

9. Over the spring of 2022, the Plaintiff, who wanted desperately to live her life before more time passed, repeatedly tried calling the Defendants out on how their actions were affecting her.

10. This attempt at accountability aggravated the Defendants, and tensions worsened. The Defendants refused to see the Plaintiff or allow her to come home.

11. On or around July 21 2022, after all communications had ceased with the Defendants, the Plaintiff had an uneventful visit to her home by two emergency services personnel or firemen. There was no situation that called for their attention, and they left.

12. On July 26th 2022, still with no communication between Plaintiff and Defendants, the Plaintiff was awoken from sleep to the sound of 9-10 people, who turned out to be police, breaking down her door. They also did not find anything wrong.

13. However, before they left, the Plaintiff got on the phone with Defendant 1. An officer took the Plaintiff's phone, right after the Plaintiff made a comment that set Defendant 1 off, and brought it outside. Right after the call, they forced her to the psychiatric ER at Mount Sinai Beth Israel in New York City, for an evaluation. At times using completely unwarranted physical force.

14. In the hours after a brief, uneventful evaluation, the ER doctors ended up speaking to Defendant 1, a "like-minded" doctor, unbeknownst to the Plaintiff, and without her consent. Suddenly, the Plaintiff was told she was being committed to the hospital, without any further discussion.

15. July 26th-August 1st 2022, the Plaintiff suffered, in terror, confusion, and anguish, a tortuous six day commitment, in the psychological abuse that comprises involuntary psychiatric commitment. She remained trapped in a dangerous covid environment, was stripped of her rights, and was treated like an "inferior" second class citizen.

16. On or around July 26th or 27th 2022, the Plaintiff, completely unaware they had spoken to Defendant 1, called the Defendants in grave fear of the Covid-19 situation, disclosing the circumstances in her wing, and saying she needed to be let out. The Defendants knew the Plaintiff had been living an extreme zero-covid-risk life, was not vaccinated, and knew the danger and health consequences this virus posed to her. Both short term and long term.

17. The Defendants wanted to speak with the doctors on the hospital floor, but not to get the Plaintiff out. They felt the Plaintiff would not be held there otherwise.

18. August 1st 2022, the Plaintiff was ultimately released from the hospital on her own, without any treatment, medications, or any diagnoses asserted by Defendant 1 (of which the Plaintiff was not yet aware), but instead severe trauma and Covid. The Plaintiff could not have contracted Covid anywhere else.

19. After the six day commitment, the Plaintiff found what is essentially a smear campaign of false collateral information in the record, provided by Defendant 1. It contains blatant lies of fact about the

Plaintiff. The lies are humiliating, painfully untrue, disparaging, and defamatory. They include, but are not limited to, claims of mental illness diagnoses that are not real, false narratives to support said mental illness, false statements about the Plaintiff's medical illnesses, and other false information that would be impossible to assert given the 16 years of physical distance between the Plaintiff and Defendant 1. Defendant 1 also framed aspects of the Plaintiff's medical problems as mental illness, and used select words and statements out of context, to frame the Plaintiff as meeting criteria of someone needing commitment.The Plaintiff was continually judged on the basis of these statements. These statements were seen by a large community of people.

20. These statements are now part of a disparaging permanent and harmful record that will continue to negatively influence the Plaintiff's life and humiliate her indefinitely.

PLAINTIFF'S FIRST CAUSE OF ACTION
(Defamation, Libel, Slander)

21. The Plaintiff hereby repeats and re-alleges all the paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
22. Defendant 1 intentionally published false statements as set forth above, which exposed Plaintiff to public humiliation, shame, aversion, belittling, lowers her in the esteem of her peers, deters third persons from associating or dealing with her, and undermines her credibility.
23. Defendant 1 negligently published false statements as set forth above which exposed Plaintiff to public humiliation, shame, aversion, belittling, lowers her in the esteem of her peers, deters third persons from associating or dealing with her, and undermines her credibility.
24. These statements were understood by all parties as being applied to the Plaintiff.
25. Defendant 1 published aforesaid statements both in writing and verbally to a third party or person.
26. Defendant 1 published aforesaid statements maliciously and intentionally, with willful intent, and with actual malice; and out of spite and retaliation.
27. Defendant 1 was aware of the falsity of his statements.
28. Defendant 1, due to his medical background and own statements made in the past, was particularly aware of the harm caused by these statements, the harm of having an involuntary psychiatric imprisonment record, and the harm of having mental illness as part of a medical record.
29. The foregoing conduct and false statements, which accuse the Plaintiff of a loathsome disease, and change the Plaintiff's status in society, constitute defamation, defamation per se, defamation of character, libel, libel per se, slander, and slander per se.
30. The false statements resulted in special harm.
31.  Defendant 1 published the aforesaid false statements without privilege, immunity, or authorization to a third party or person.
32. Defendant 1's false statements were an abuse of a conditionally privileged occasion.

PLAINTIFF'S SECOND CAUSE OF ACTION
(Negligent Infliction of Infectious Disease)

33.  Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
34. The Defendants were aware of the high risk Covid-19 circumstances in the hospital setting.
35.. The Defendants were aware of the harm the viral infection would cause to the Plaintiff, or would likely cause the Plaintiff, both in the short term and long term.
36. The Defendants owed a duty of care to the plaintiff that was breached.
37. The Defendants, in causing the Plaintiff to be held at and imprisoned in the hospital with other Covid patients, when Covid was at a peak, negligently exposed Plaintiff to Covd-19.

38. The Defendants were a proximate cause of Plaintiff's Covid-19 infection, and the resulting ongoing medical struggle.

## PLAINTIFF'S THIRD CAUSE OF ACTION
### (Intentional Infliction of Infectious Disease)

39.  Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
40. The Defendants were aware of the precarious and dangerous Covid-19 circumstances in the hospital, and particularly in the Plaintiff's wing at Mt. Sinai.
41. The Defendants were aware of the harm the viral infection would cause to the Plaintiff, or would likely cause the Plaintiff, both in the short term and long term.
42. The Defendants owed a duty of care to the Plaintiff that was breached.
43. The Defendants acted with malice and ill intent.
44. The Defendants were a proximate cause of Plaintiff's viral Covid-19 infection, and the resulting ongoing medical struggle.


## PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

45. Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
46. The conduct of the Defendants as alleged herein was extreme and outrageous.
47. The conduct of the Defendants, as alleged herein, was intended to cause, and did cause severe emotional distress to Plaintiff.
48. The conduct of the Defendants, as alleged herein, disregarded a substantial probability of causing severe emotional distress.
49. The Defendants did intentionally inflict severe emotional distress on the plaintiff.

## PLAINTIFF'S FIFTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

50. Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
51. The conduct of the Defendants as alleged herein unreasonably endangered Plaintiff's safety, including her physical safety.
52. The conduct of the Defendants as alleged herein unreasonably caused plaintiff to fear for her own safety, including physical safety.
53. The Defendants had duty of care towards the Plaintiff and did breach that duty, and did negligently inflict emotional distress upon Plaintiff.

## PLAINTIFF'S FIFTH CAUSE OF ACTION
### (Invasion of Privacy, False Light)

54. Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
56. Defendant 1's misleading, false, sensitive statements about the Plaintiff were published publicly.
57. All parties were aware the statements applied to the Plaintiff.
58. Defendant 1's misleading, false, sensitive statements were highly offensive to a reasonable person, changed the perception of others towards the Plaintiff, and placed the Plaintiff in a false light.
59. Defendant 1's statements were made with malice and ill intent.
60. Defendant 1's publication was without Plaintiff's consent, where consent is required.

## PLAINTIFF'S SIXTH CAUSE OF ACTION
### (Public Disclosure of Private Facts)

61. Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
62. Defendant 1's misleading, false, sensitive statements about the Plaintiff were published publicly.
63. All parties were aware the statements applied to the Plaintiff.
64. Defendant 1 made statements about private matters pertaining to the Plaintiff, that were highly offensive to a reasonable person, and not of public concern, publicly.
65. Defendant 1's publication was without Plaintiff's consent, where consent is required.

PLAINTIFF'S SEVENTH CAUSE OF ACTION
(Wrongful use of Emergency Involuntary Civil Commitment)
66. Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
67. The Defendants wrongfully used emergency involuntary civil commitment for non-emergency, collateral, and nefarious reasons, including (but not limited to) to strip the Plaintiff of her autonomy, credibility, and opportunity in life, and to gain further control over the Plaintiff, as to continue using forced psychiatry and eventually forced drugging, without cause.
68. The Defendants acted knowingly, in retaliation, with ill intent, and with malice.

PLAINTIFF'S EIGHTH CAUSE OF ACTION
(Reporting False Collateral Information)
69. Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
70. Defendant 1 made false, misleading reports/statements to the ER about the Plaintiff.
71. Defendant 1 knew these reports/statements were false and misleading.
72. Defendant 1 made these reports/statements with reckless disregard, malice and ill intent.
73. Defendant 1 made the aforesaid reports/statements without privilege, immunity, or authorization to a third party or person.
74. Defendant 1's reports/statements were an abuse of a privileged occasion.

PLAINTIFF'S NINTH CAUSE OF ACTION
(False Imprisonment)
75. Plaintiff hereby repeats and re-alleges all paragraphs above, and the allegations therein, with the same force and effect as if set forth fully herein.
76. The Defendants made false, misleading and/or exaggerated reports to authorities about the Plaintiff, resulting in Plaintiff being detained against her will.
77. The Defendants knew these reports were false, misleading, and/or exaggerated.
78. The Defendants false, misleading and/or exaggerated reports were a direct and proximate cause of the Plaintiff's imprisonment.
79. The Plaintiff's imprisonment was unlawful.
79. The Defendants acted in retaliation, with malice, and ill intent.

# IV.

INJURIES

Injuries include but are not limited to: Severe ongoing mental anguish, severe ongoing emotional distress, physical injuries, severe physiological suffering from covid, ongoing long covid, worsening of existing medical problems, loss of enjoyment in life, humiliation, shame, isolation, fear of people, fear of speaking freely, fear of misjudgment, damage to reputation, shock, trauma, loss of pride, dignity, confidence, self-esteem, and self worth, reduced family and social ties, harm to employability and lost earning capacity, inability to return to work and increased financial dependence, increased susceptibility to future psychiatric imprisonment

and forced psychiatry, deterrence from seeking medical care, loss of credibility, harm to future legal matters and ability to obtain housing, medical expenses.

## V.

### DAMAGES

WHEREFORE, Plaintiffs demand a jury trial, and judgment in their favor on all causes of action set forth above; and a proper award of compensatory, or other damages, as well as punitive, exemplary, and/or special damages where applicable, all in amounts that exceed the jurisdictional limits of any court that would otherwise have jurisdiction over this matter, all together with the costs, fees, expenses, and disbursements of this action, as well as such other equitable, and further relief as the Court deems just, proper and/or equitable. The monetary damages being sought are in excess of $75,000. The Plaintiff also seeks to clear her record and name of any falsities or misrepresentations.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 07/19/2023

Signature of Plaintiff    *Rebecca Brod*

Printed Name of Plaintiff:  Rebecca Brod